## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

MAXIM FEDIN-SCARBERRY,

    Plaintiff,

vs.                                                        CASE NO.: 8:06-CV-01112-T-17-TBM

INTERSTATE INDEMNITY COMPANY,

    Defendant.

_____/

### ORDER ON MOTION TO REMAND

This cause is before the Court pursuant to Plaintiff, Maxim Fedin-Scarberry's, Motion to Remand (Docket No. 5), filed June 19, 2006; and Defendant, Interstate Indemnity Company's, Response thereto (Docket No. 6), filed June 27, 2006.

### BACKGROUND

The plaintiff brought an action against the defendant insurance company for breach of contract (Docket No. 2). The action was brought in the Circuit Court of the Sixth Judicial Circuit in Pinellas County. The plaintiff alleges that the defendant denied coverage and refused to defend and indemnify the plaintiff for his loss following an automobile accident (Docket No. 2). On March 12, 2003, as a result of the accident, a default judgment of $56,671.53 was entered against the plaintiff in the Circuit Court in and for Pinellas County, Florida. The plaintiff seeks damages, costs, interest, attorney's fees pursuant to Fla. Stat. § 627.428, and declaratory relief (Docket No. 2).

The defendant removed to this Court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446, on account of diversity under 28 U.S.C. § 1332(a)(1). The plaintiff now moves to remand under 28 U.S.C. § 1447(c) on the basis that the amount in controversy does not exceed $75,000.00 (Docket No. 5). The defendant contends that the amount in controversy, when the default judgment, interest, and attorney's fees are included, exceeds $75,000.00 (Docket No. 6).

### DISCUSSION

District courts have original jurisdiction over civil actions between citizens of different States where the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The plaintiff in this case is a citizen of Florida. The defendant is an Illinois corporation with its principle place of business in Illinois. The issue here is whether the amount in controversy exceeds $75,000.00.

Where a plaintiff has specified the amount of damages sought in the complaint, the defendant must show by a "legal certainty" that the amount in controversy exceeds the jurisdictional amount in order to remove. *Burns v. Windsor*, 31 F.3d 1092, 1095 (11th Cir.1994). However, "where a plaintiff has made an unspecified demand for damages in state court" the defendant need only "prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $[75],000 jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir.1996).

The plaintiff here has not claimed a specific amount of damages. Therefore, the defendant need only show by a preponderance of evidence that it is more likely than not that the amount in controversy exceeds $75,000.00. It is facially apparent from the complaint that the plaintiff is seeking to recover the entire default judgment entered against him. The default judgment entered against the plaintiff was in the amount of $56,671.53. Therefore, this amount should be included in calculating the amount in controversy.

The plaintiff is also seeking to recover interest. The defendant argues that the interest sought by the plaintiff on the default judgment entered against him is includable in determining the amount in controversy (Docket No. 6). Section 1332(a) of 28 U.S.C. states that the amount in controversy is calculated "exclusive of interest and costs." The congressional purpose behind excluding interest from the amount in controversy is "to prevent the delaying of a suit merely to accumulate the necessary amount for federal jurisdiction." *Brainin v. Melikian*, 396 F.2d 153, 155 (3d Cir. 1968). Although interest that is an "integral part of the total obligation" is includable to determine the amount in

Case 8:06-cv-01112-EAK-TBM   Document 10   Filed 07/25/06   Page 3 of 4 PageID 63
**CASE NO.: 8:06-CV-01112-T-17-TBM**

controversy, interest that is "merely incidental or 'accessory' to the principle amount demanded" is not includable. *Id*. at 154.

The interest sought here by the plaintiff on the default judgment entered against him is not an integral part of the total obligation. Had the plaintiff filed suit immediately after the default judgment was entered against him, no interest would have incurred. The amount of interest that has incurred is a direct result of the delay in filing this suit. If the interest here were includable, it would ignore the congressional purpose behind excluding interest from the amount in controversy. *See id*. at 155. Since the post-judgment interest here is merely incidental to the total amount of damages sought, it is not includable for purposes of determining the amount in controversy.

The plaintiff is also seeking to recover attorney's fees. "The general rule is that attorneys fees do not count towards the amount in controversy unless they are allowed for by statute or contract." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 n. 4 (11th Cir.2003). Here, Fla. Stat. § 627.428(1) authorizes an award of attorney's fees where the insured prevails over the insurer in a policy or contract dispute. Therefore, the attorney's fees sought in this case are includable in determining the amount in controversy.

A specific amount of attorney's fees have not been requested by the plaintiff. The defendant, assuming the interest sought by the plaintiff is includable in the amount in controversy, contends the demanded attorney's fees will cause the jurisdictional amount to be met (Docket No. 6). However, since the interest sought is excluded, it is unlikely that the attorney's fees sought will bridge the gap in the amount in controversy. The defendant has not shown that it is more likely than not that the attorney's fees will exceed $18,328.47 (the difference between the jurisdictional amount of $75,000.00 and the default judgment of $56,671.53) so as to meet the requisite amount in controversy. Additionally, "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Accordingly, it is

**CASE NO.: 8:06-CV-01112-T-17-TBM**

      **ORDERED** that the Plaintiff's Motion to Remand be **granted**. The Clerk of the Court shall **remand** this case to the Sixth Judicial Circuit, in and for Pinellas County, Florida and thereafter close the file.

      **DONE and ORDERED** in Chambers, in Tampa, Florida, on the 25th day of July, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

CC: All parties and counsel of record